UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTIE JOHNSON,<br><br>   Petitioner,<br><br>   vs.<br><br>CALIFORNIA INSTITUTE FOR WOMEN,<br><br>   Respondent. | CASE NO. CV 14-8081 MMM (RZ)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

Petitioner Mattie Johnson, a state inmate acting *in pro per*, has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus by a person in state custody. She challenges a 2012 cocaine-trafficking conviction in Los Angeles County. For at least two reasons, the Court dismisses the initial petition with leave to amend.

First, Petitioner has not named a proper respondent, the petitioner's physical, on-site custodian, typically the warden. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. A petitioner's failure to name that custodian deprives the Court of personal jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); *see also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner must name the warden or acting warden in any amended petition.

Second, in neither of her claims does Petitioner (1) state what federal law the state courts purportedly violated or (2) adequately describe, even briefly, the facts upon which she bases her assertion of federal legal error. The entirety of her claims is as follows:

Ground one:   Sales, Transporting Cocaine Base
(1)   Supporting FACTS:   I have no Buyer, no marked money, no video footage.
. . .
Ground two:   Pitchess motion
(1)   Supporting FACTS:   Officer Moreno's statement is not correct. He lied to get a conviction.

Pet. ¶¶ 8(a), 8(b). In any amended petition, Petitioner must briefly identify what federal law(s) the state courts misapplied in rejecting her claims. These may include, for example only, (1) conviction without sufficient evidence, in violation of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); and (2) violation of federal constitutional rights to fair trial and due process through undue restrictions on discovery related to a police witness. (As noted above, moreover, Petitioner may only obtain relief on such claims, however properly *stated* they may be, if she has already exhausted them in California Supreme Court, *i.e.*, presented them to that court and obtained a ruling.)

The Court also notes that Petitioner admits that the first of her two claims has not been exhausted in the California Supreme Court, as is required for habeas relief in this Court, and that she does not know whether her second claim is exhausted. Pet. ¶¶ 8(a), 8(b); 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

Accordingly, the initial petition is DISMISSED. The Court grants Petitioner 30 days leave to file an amended petition which is consistent with this order. Any amended

1 petition shall use the same case number and be titled "First Amended Petition for Writ of
2 Habeas Corpus." An original and two copies shall be filed.
3       Petitioner is warned that her failure to file an amended petition correcting the
4 current petition's shortcomings may result in the action being dismissed for failure to
5 comply with a court order and/or for failure to prosecute.
6       IT IS SO ORDERED.
7       DATED: October 21, 2014

                                               RALPH ZAREFSKY
                              UNITED STATES MAGISTRATE JUDGE